Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
MIDDLE District of FLORIDA

JACKSONVILLE Division

|  |  |
|---|---|
| AUSHEA WILLIAMS, Individually and (CLASS) )<br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>-v-<br><br>PUTNAM COUNTY SHERIFF HOMER DELOACH<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued.  If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.  Do not include addresses here.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> Case No. 3:25-CV-1021-WWB-SJH<br> *(to be filled in by the Clerk's Office)*<br>(CLASS)<br>ON behalf of ANY & EVERY INMATE<br>in custody of PUTNAM COUNTY SHERIFFS OFFICE |

AMENDED
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

On behalf of ANY & EVERY INMATE
and in custody of PUTNAM COUNTY S.O.

Name                    Aushea Williams

All other names by which
you have been known:

ID Number               11002103

Current Institution     Putnam County Sheriff's Office

Address                 130 Orie Griffin Blvd.

Palatka                 Florida                 32177
*City*                  *State*                 *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
    Name                Homer Deloach
    Job or Title *(if known)*   Putnam County Sheriff
    Shield Number
    Employer            Putnam County
    Address            130 Orie Griffin Blvd.

Palatka                 Florida                 32177
*City*                  *State*                 *Zip Code*

☑ Individual capacity    ☑ Official capacity

Defendant No. 2
    Name                Southern Correctional Medicine
    Job or Title *(if known)*   Medical Services
    Shield Number
    Employer            Putnam County Sheriff's Office
    Address            130 Orie Griffin Blvd.

Palatka                 Florida                 32177
*City*                  *State*                 *Zip Code*

☐ Individual capacity    ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name: Michael Silva

Job or Title *(if known)*: Major

Shield Number:

Employer: Putnam County Sheriff's Office

Address: 130 Orie Griffin Blvd.

Palatka              Florida        32177
City                    State          Zip Code

☑ Individual capacity    ☑ Official capacity

Defendant No. 4

Name: See Attachment (Defendants)

Job or Title *(if known)*:

Shield Number:

Employer: Putnam County Sheriff's Office

Address: Palatka 130 Orie Griffin Blvd.

Palatka              Florida
City                    State          Zip Code

☑ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

## U.S. Const. I ; V ; VIII ; and XIV Amendments & Numerous federal and state laws

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?



I.
B. Defendants (Capacity) II. Basis for Jurisdiction

CAUSE OF ACTION 1: Unconstitutional Legal Mail Procedure
Count I - Putnam County Sheriff's Office Homer DeLoach (Official) Municipal Liability as official policy
Count II - Major Michael Silva (Individual) Supervisor Liability/Denial of Procedural Due Process
Count III - Major Michael Silva (Individual) Failure to Train/Denial of Access to Courts
Count IV - Lieutenant Trevor Bishop (Individual) Violating Freedom of Speech/Gross Negligence

CAUSE OF ACTION 2: Disciplinary Proceedings
Count V - Major Michael Silva (Official) Municipal Liability as Unofficial Policy
Count VI - Captain Dowling (Individual) Conditions of Confinement/Deliberate Indifference
Count VII - Lieutenant Kegan Butts (Individual) Denial of Procedural Due Process
Count VIII - Lieutenant Kegan Butts (Individual) Abuse of Process/Vexatious Suit

CAUSE OF ACTION 3: Denial of Adequate Care & Withholding Health Information
Count IX - Southern Correctional Medicine (Official) Unofficial Custom of Deliberate Indifference
Count X - Sheriff Homer DeLoach (Official) Unlawful Mental Health Care/Delegating Performance
Count XI - Major Michael Silva (Individual) Negligence Per-Se/HIPAA Violation
Count XII - Physician Jimburg (Individual) Unlicensed Practice/Sexual Abuse/Violation of Privacy
Count XIII - Physician Patrick Harris (Individual) Deliberate Indifference/NIED
Count XIV - HSA Jaqueline Brady (Individual) Denial of Medical Care/Gross Negligence

V. Injuries - VI. Relief

| | |
|---|---|
| Count I - Declaratory Judgement "Prevent PCSO from saving inmates legal mail" | |
| Count II - Hindered 3.850 Appeal & Filing Complaint - 18 U.S.C. §2520 Violation | $10,000 |
| Count III - Unlawfully Detained 10/10/23 - 11/30/23 - $1,000 per day × 51 days | $51,000 |
| Count IV - Violation of Freedom of Speech and Attorney-Client Confidentiality | $10,000 |
| | |
| Count V - Declaratory Judgement Enjoin Due Process requirements for DR procedures | |
| Count VI - Cruel Isolation Exacerbated Mental disorders $1,000 × 183 days + Punative | $183,000 + |
| Count VII - Unconstitutional DR's + Loss of All Privileges $100 × per DR + Punative | $60,000 + |
| Count VIII - Invalid Escambia County Hold / Vexatious §951.23(1b) charge | $10,000 |
| | |
| Count IX - Declaratory Judgement Enforce employment of Mental Health Professional | |
| Count X - 42 C.F.R. 1003.210(a)(4) Delegating Mental Health Penalty × 2 + | $49,894 + |
| Count XI - 45 CFR 160.404(b)(2)(iii)(A),(B) HIPAA Violation, Willful Neglect | $14,232 |
| Count XII - Illegal Mental Health Treatment & Sexual Abuse Trauma + Punative | $150,000 + |
| Count XIII - Constant pain, Surgery, Physical Therapy/Loss of Wages + Punative | $100,000 + |
| Count XIV - 42 CFR 1003.410 Failing to provide medically necessary services + | $48,586 + |

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

*As law Enforcement officials of Florida and Medical Certifications/Licensee*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☑ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*See Attachment*

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

*See Attachment*

## IV. Statement of Claim    CAUSE OF ACTION 1

(COUNT I): Aushea Williams, individually with class members on behalf of ANY & EVERY INMATE in the custody of Putnam County Sheriff's Office alleges a claim under 42 U.S.C. §1983 to redress the deprivation under color of state law, for violations of the First, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution against Putnam County Sheriff Homer DeLoach in his official capacity of Municipal Liability as an official policy. He is legally responsible for overall operation of PCSO which has a policy to recieve inmates incoming legal/privilege mail, to use a machine labeled "SMART MAIL" that scans the paper documents inside envelope when an official places them into the scanner which uploads the documents to an inmates SmartCommunications account app titled "Legal Mail," then the paper documents are placed in a shredder in machine because mail is saved to a memory drive. This policy of saving inmates Court records, Attorney correspondence, and case information violates the rights of Freedom of Speech, Access to Courts, Attorney-Client confidentiality, and Due Process of inmates. Federal Code 28 CFR 540.19 outlines the procedure for Legal Correspondence and requires that staff maintain records of incoming legal mail, opening in the presence of inmate, Name of staff member delivering the legal mail, and may ask inmate to sign as recieving.

F.A.C. 33-210.102 (1) "All inmates shall have a right of unhindered access to the courts..." This is Florida Code for Legal mail policy with inmates and 'unhindered' emphasizes without interference which a necessity to utilize a facility tablet to access their legal mail that has scheduled times for login in, requires charging battery, and an inmate must have knowledge of how to function tablet is a hinderence. Then, 33-210.102(4) "Inmates shall be allowed to prepare legal documents and legal mail in their living area." With a policy that restricts legal mail, how can inmates prepare those documents in their area? Then, the fact that theres a memory drive which saves inmates legal mail gives staff the abilitu to read or print legal documents outside an inmates presence and without consent! The Court concluded that "the danger to prison security, order, and rehabilitation does not outweigh the right to access to the courts." Based on the MSA of SmartCommunications provides that SMART will "provide inmate communication services, including inmate messaging and email, texting, photo delivery system, electronic education, electronic self-help, court-mandated online courses, electronic entertainment, inmate electronic general request, electronic grievances, electronic medical request, electronic law library, and electronic delivery of ROUTINE MAIL." Their contract agreement with SMART is routine mail NOT LEGAL MAIL. (That kind of technology stores a prisoners mail and ... enables jail official to access a prisoners mail, so we can reasonably infer that jail officials could read legal mail outside his presence) See Christmas v. Nabors, 76 F.4th 1320 (11th Cir. 2023) "We think these allegations establish that an official policy caused alleged constitutional deprivations." The worst factor about the legal mail policy is that the jail restricts providing paper form legal mail but allows hundreds of commissary reciepts to inmates each week and paper disciplinary reports to a dozen inmates each week so how is that sensible?

A supervisor may be liable for failing to train his or her employees "only where the failure to train amounts to a deliberate indifference to the rights of the persons with whom the officers come into contact." A declaratory judgement ordered by this Court shall prevent the scanning and then uploading inmates legal mail in violation of constitutional rights eliminating further harm or suffering caused by Sheriff Homer DeLoach official legal mail policy.

[1] Appellee's Motion for Extension of Time - Exhibit A

[2] Case No. 17-474-CF Plea Colloquy (9/15/22) & Williams v. State, 375 So.3d 261 (2024)

(COUNT II):    Aushea Williams individually pleads a §1983 claim against Major Michael Silva of the PCSO in his individual capacity for Supervisor Liability in denial of procedural due process in violation of Fourteenth Amendment of U.S. Constitution. Defendant Silva is legally responsible for the operation of jail and for the welfare of all of the inmates. As supervisor, defendant may be held liable in his individual capacity for the actions of a subordinate when there is a casual connection between the actions of the supervising official and the alleged constitutional violation. PCSO inmates legal mail that is recieved at the facility undergoes a procedure of having a machine being operated by a staff member in the presence of the inmate whom has incoming legal mail, the envelope is opened by inmate for reading briefly then staff members scans and uploads the mail to the inmates account app called "Legal Mail", then the envelope and documents are placed into a paper shredder. This blatant destruction of mail and saving to a staff accessible app is an inadequate process contrary to the Federal Code 28 CFR 540.19 and F.A.C. 33-210.102. For years this procedure has violated inmates rights and directly caused harm and distress to Plaintiff on multiple occassions. Most recently, The United States District Court, Middle District of Florida, Jacksonville Division mailed Aushea Williams a Complaint Form on 5/22/2025 that Major Silva personally demanded Lieutenant Trevor Bishop to refuse allowing Me to possess form which is a fill in the blank format and was ORDERED by Judge to fill out and submit but it was scanned to Legal Mail app on 5/30/2025. Also, Fifth District Court of Appeals, Attorney General sent an Answer Brief on 4/03/2025 that was uploaded on 4/15/2025 after I personally spoke with Major Silva proving that I was pro se in Case Number 5D24-3355 which was case for Answer Brief but he deprived Plaintiff of possession of paper document legal mail. [1] This hindered both Cases effective submission and I seek damages of $10,000 pursuant to 18 U.S.C. §2520.

(COUNT III):    Aushea Williams individually alleges a 42 U.S.C. §1983 claim against Major Michael Silva for Failure to Train and Denial of Access to Courts, in violation of Amendment XIV of the constitution. Defendant trains subordinates to destroy inmates legal mail and saving those documents to a memory device. This prevents attaching legal documents as exhibits to file and pursue a post-conviction claim or civil rights action. In Bounds v. Smith, 430 U.S. 817, 825 (1997), the Supreme Court held prisoners were entitled to "a reasonably adequate opportunity to present claimed violations of constitutional rights to the courts." However, "in order to assert a claim arising from the denial of Meaningful to the courts, an inmate (or pretrial detainee) must first establish an actual injury."

    Plaintiff was arrested in Putnam County pursuant to Jackson County warrant and law violations on May 21, 2022. During VOP hearing in Jackson County on 9/15/2022 Case Number 17-474-CF, Judge Ana Garcia consented to award Aushea Williams a total of 61 days jail-credit towards the 17 month sentence if any First Appearance, Booking document, or Arrest Report could indicate that I was arrested pursuant to warrant. [2] (Request Judicial Notice of Plea Colloquy and Williams v. State, 375 So3d 261). Due to the policy of PCSO, these documents were on the Smart Communications account #11002103 and I suffered 51 days of unlawful incarceration because once I purchased documents for filing appeal of Rule 3.801, the documents prove I was in fact arrested pursuant to the warrant but decision of DCA was after my release date. Plaintiff asserts to have $1,000 each day for illegal detainment for an award of $51,000 from defendant for relief of loss of liberty, physical suffering and distress.

[5] Disciplinary Report PSCO25DIS000073-Exhibit C

(COUNT IV):      Aushea Williams brings a claim under 42 U.S.C. §1983 against Lieutenant Trevor Bishop in his individual capacity for gross negligence and violation of Freedom of Speech plus breach of Attorney-Client confidentiality rights of the First and Sixth Amendments. Defendant Bishop often personally distrubes, well conducts the legal mail procedure that deprives an inmate recieving attorney correspondence fundamentally fair privacy. Once documents and letters are saved to the SMART memory drive then there is opportunity allowing staff to read the mail outside of inmates presence. Our cases applying the legal mail rule hinge on whether a prison officials conduct "sufficiently chills, inhibits, or interferes with an inmates ability to speak, protest, and complain openly to his/her attorney so as to infringe on his right to free speech." Mitchell v. Peoples, 10 F.4th 1226 (11th Cir. 2021) ; (The Supreme Court found that opening a property marked attorney mail outside his presence and scanning it to a computer unlawfully violates the residents right to free speech and can violate his right to access to courts.) Al-Amin v. Smith, 511 F.3d 1317 (11th Cir 2008). Plaintiff has multiple letters from Amber Moskal of Public Defenders Office. This conduct totally disregards the rights of inmates exposed to such conduct. Plaintiff seeks $10,000 plus punative damages for defendant's gross negligence.

## CAUSE OF ACTION 2

(COUNT V):      PCSO Major Michael Silva is liable in his official capacity to be sued for Municipal Liability as an unofficial custom due to the disciplinary proceedings that violates inmates Due Process rights. Fla. Stat. §900.05(2)(a) refers to "disciplinary violation and action", the infringement of due process occurs when the custom or practice is to deny inmates an opportunity to make a written statement, to call witnesses, or request evidence during investigation of report before hearing. There are thousands of reports with no witness, no written statement, and random deputies that reviewed nothing concerning the investigation does the hearing finding guilt and imposing sentence. Defendant fails to correct this.

(COUNT VI):      Aushea Williams, individually alleges a claim against PCSO Captain Dowling under 42 U.S.C §1983 for Conditions of Confinement and Deliberate Indifference in violation of the Fourteenth Amendent. Also, a discrimination claim in violation of First Amendment due to three reviewable factors, (1) the staff members contain a 3% - 6% of black employees which is over 3x times LESS than Putnam County's population percentage of black civilian residents, (2) The initial cause for repeatedly being placed in isolation are always non-violent, non-security threat, and minor infractions then Im held for months but No non-black inmates are treated similarly, but (2) other black inmates have been held for months in the confinement, or single-cell/isolation for months WITHOUT having Loss of All Privileges (LOAP) status like *Harry Robinson III and *Horrace Jackson whom I would request as witnesses willing to do interrogatories. Plaintiff has medical records clearly indicating mental health disorders of PTSD, anxiety, depression and adjustment disorders from being in isolation for almost five(5) years continuously in FDOC. The isolation cell at PCSO facility is completely removed from other dormitories and has a door with a shut window so theres no ability to see or talk to others. From 08/16/2024-10/18/2024, Capt. Dowling and Major Silva housed Plaintiff in isolation because a false report by Deputy Gaither claiming I was rude verbally to LPN C. Salgado and grievance ref# 20,801,851 has responses confirming Im in isolation for abusive language to Nurse. Then 02/03/2025-06/03/2025 (present) Im in isolation for arguement with inmate. Plaintiff seeks $183,000 ! [5]
* WITNESSES- Harry Robinson III/ Horrace Jackson

＊ WITNESSES (4/14/25) Sgt. Brittnee Foster/Dpt. Brady/Trudy McFarlane/Dpt. Jimmison
[3] Video of Booking Medical Isolation cell (4/14/25)/ Video in Medical for Sick-Call (5/06/25)
＊ WITNESSES (5/06/25) LPN Lacey Mullins/ LPN Susie Cassidy/ Dpt. Price
[4] INFORMATION §951.23(10) - Exhibit B

(COUNT VII):     Aushea Williams individually alleges a claim under 42 U.S.C. §1983 against Lieutenant
Kegan Butts for denial of procedural due process in violation of the Fourteenth Amendment rights.
Defendant Butts performs DR investigations and PREA investigations for inmates in custody of PCSO.
Plaintiff has suffered several punishments from false disciplinary reports and deprived of a fair procedure
because of defendant's deliberate indifference to due process, a fair unbiased weight of evidence, and
consideration of the effects of punishment. Disciplinary segregation of pretrial detainees requires a due process
hearing consistent with Wolff. In Wolff v. McDonnell, 418 U.S. 539, 556 (1974) establishes five
requirements as the process an inmate is due in disciplinary proceedings..."Third, he must have an
opportunity to call witnesses and present documentary evidence in his defense." (Thousands of DR
proceedings at PCSO have every report/investigation records showing No inmate statement, No witnesses,
and No evidence on hearing forms due to unconstitutional procedure). Then, worst of all is the deputy
that does the hearing does not review any evidence and finds guilt based off the report which is
essentially implicating that whatever the official write the report says is only thing determined.
    Also, PREA investigations are inadequate and contrary to Federal code 28 CFR 115.62.
Plaintiff has filed 4 legitimate PREA complaints and NONE of them resulted in any protective
measures. The insufficiencies are that defendant Butts only reads complaint and file a report after
reviewing the video. Only once was I interviewed and the staff members he interviewed was not at
work or Not present when incident occurred with transgender deputy Shephard forcefully stripping
me naked, pointing taser at me while in shower, closing me in cell with handcuffs on over 24 hours,
and giving me a lunch-tray with chewing tobacco saliva in food but nothing was done to protect me.
＊ On 4/14/2025, physician Timburg tried to hold on to me forcing me to bend over then shove his
finger in my rectum while I protested yelling No.[3] Defendant conducted no interview with me,
he did not interview the physician and nothing was done even when he made several sexually harmful
statements in the presence of Lt. Butts on 05/06/2025.[3] Plaintiff seeks $100 per DR = $6,000 plus award
punative damages for gross negligence of the PREA investigations conducted by Lt. Kegan Butts.

(COUNT VIII):     Plaintiff individually sues Lieutenant Kegan Butts in his individual capacity for Abuse of Process
and Vexatious Suit in violation of Fourth and Fourteenth Amendments. Aushea Williams was charged
with §951.23(10) Violation of County Denetention Rules Two or More... On 04/30/2025.[4] I was never
arrested or booked for the offense, did not go to First Appearance and I'm the ONLY INMATE that has
been charged with this offense the entire time I've been in custody. The entire purpose of charging me with
this statute was to violate my probation which he expected would cause me to be sentence because he
was the arresting supervisor in my case # 24-0253-CF and has awareness I didn't commit that crime.
After recieving 3 or 4 disciplinary reports, this charge was filed and is still in process of prosecution.
    Also, around June 21, the defendant placed a hold on me from Escambia County for a warrant
that is void after I was arrested on 05/21/2022 pursuant to that warrant. I have documented
evidence that the warrant has been inquired about several times and ECSO always indicate that
there is No action taken on warrant including the fact that I was on probation from 11/30 - 3/11/2025
and Not arrested plus when arrested on 3/11/2025 they cleared warrant and Not on First Appearance record.
Plaintiff seeks $20,000 for Vexatious §951.23(10) plus $10,000 for Invalid ECSO hold by defendant.
＋ Punative Damages

[6] Approved for his surgical Policy on 07/23/2024
[7] Sick-Call 4/14/25 - Exhibit D
[8] Sick-Call 2/03/25 - Exhibit E

## CAUSE OF ACTION 3

(COUNT IX): Aushea Williams, individually and on behalf of ANY & EVERY INMATE in the custody of Putnam County Sheriff's Office alleges a class action claim under 42 U.S.C. §1983 against Southern Correctional Medicine for Municipal Liability as unofficial custom because there is widespread abuse of deliberate indifference to serious medical needs, an unlawful performance of mental health care, and refusing to provide inmates with their medical records in violation of the Fourteenth, and Eighth Amendment as well as a HIPAA violation. "When a private entity... contracts with a county to provide medical services to inmates, it performs a functional equivalent of a municipality for performing functions traditionally within the exclusive perogative of the state" ... "private persons jointly engaged with the state officials in the challenged action, are acting "under color of law" for purposes of §1983. Medical staff has a pattern or custom to have deliberate indifference to inmates serious needs by ignoring a need for further diagnoses of and treatment for ... severe pain causing inmates to needlessly suffer which is medical care thats so cursory as to amount to no treatment at all. If an need for surgery or evaluation of a specialist is necessary then physicians and nurses advise inmates to get that treatment when released or sent to prison. An Eighth Amendment violation is shown where an inmate is deprived necessary medical attention for budgetary or financial reasons. Even if an inmate has insurance or approved for the policy offered by the facility, theres still blatent disregards for facilitating to a specialist or referring further treatment. [6] Fla. Stat §901.35(2)(a)-(3). Under Florida Law, the county has a statutory duty to pay for medical expenses of all pretrial detainees and prisoners at the jail. Plaintiff has an improperly healed fractured Left hand that does not bend at fingertips with nerve and tendon damage but told by provider to have surgery "when released" with admitting his awareness of surgery being required. [7]

Then, there are 2 physicians with NO psychiatric or psychology degrees performing mental health care without a license to do so. Written Directive 14.12.00 provides that "all inmates shall have access to mental health care provided by a licensed psychiatrist, mental health counslor, psychologist or other qualified mental health professional. Plaintiff is given inadequate mental health care for disorders. Last, Nurses deny given medical records to inmates even if they attempt to consent violating HIPAA. Declaratory judgement is required to enforce employment of mental health professional and PHI release!

(COUNT X): Aushea Williams sues Putnam County Sheriff Homer DeLoach in his official capacity for violating Amendment XIV of the U.S. Constitution by providing inmates unlawful mental health care through his medical employees whom he delegates professional responsibilities. Fla. Stat. §951.23(4)(a)5 "A Psychiatrist licensed in this state with at least 2 years of experience in correctional psychiatry, appointed by the Florida Association of Counties." MUST be employed by Florida County and Municipal Facilities. (No reasonable purchaser would accept to pay for psychiatric or psychological diagnoses and treatment from or accept or pay for psychotropic medication prescribed by an array of charlatans and quacks) Universal Health Services, Inc. v. Escobar, 136 S.Ct. 1989 (2016) No inmate is given counsling or adequate mental health evaluation since October 2024 when Gary Jacobs, LMHT, BSN quit. Aushea Williams has mental health disorders that are neglected and has exacerbated my mental illness that causes anxiety attacks, mental and emotional distress, and suffering. [8] Plaintiff seeks penalty for delegating mental health, 42 CFR 100.3.210 (a/4) × 2 + punitive damages.
$49,894

(COUNT XI): In his individual capacity, Major Michael Silva is being sued under 42 U.S.C. §1983 by Aushea Williams for Negligence per se because of a willful neglect to provide access to medical records to all inmates by implementing a unofficial custom or practice that fails to afford a process to consent for release of the records in violation of HIPAA. 45 CFR 164.524(a)(2), "The covered entity MUST provide the individual with access to the protected health information in the form and format requested by the individual. At PCSO, there is No process available for an inmate to request, consent, and obtain or release their health information. Also, 42 U.S.C. §290dd-2 (a)-(b) outline the requirements and permitted disclosure which plaintiff has filed grievance ref# 21,274,238 on 09/18/2024 and filed a complaint with the Florida Dept. of Health clearly expressing the Non-compliance of PCSO medical staff. There are penalties for failing to comply with the standards.

Once provided with a medical release form by Lt. Butts on 4/21/2025 that I signed to consent the release to obtain ALL medical records but was only provided an extremely omitted report (See Exhibit F) that only included the initial intake, a transfer report, and several paper-filed sick-calls but DID NOT include any lab reports, use of force assessments, sick-call assessment, or physician evaluations conducted while in custody. In re Brinker Data Incident Ltg. No. 3:18-cv-686 J-32MCR(2020), Fed. R. Civ. P. 8 So long as the complaint alleges a particular conduct that clearly violates a statute or regulation, it pleads Negligence per se with sufficient particularly. Violation of any other kind of statute, with prima facie evidence constituting Negligence per se. When a statute is silent as to whether it allows for a private cause of action, such a claim can only survive when the statute evidences legislative intent to create a private cause of action. 42 CFR 2.3 provides civil and criminal penalties for violations of 42 U.S.C. 290dd-2 (a)-(d). Plaintiff sought to obtain medical records for months then when finally allowed to sign consent to release, there was a willful neglect to provide relevant records to medical treatment given by staff whom are business associates of defendant.

(COUNT XII): Aushea Williams alleges a claim under 42 U.S.C. §1983 against physician Jimburg in his individual capacity for violating the Fourteenth Amendment due to unlawfully rendering mental health evaluations, diagnoses, and treatment without a license to perform such care and for sexual abuse to plaintiff. Putnam County Sheriff's Office neglected to hire a mental health professional after the resigning of their former mental health professional Gary Jacobs, LMHC, BSA in October 2024. Instead of acquiring a licensed psychiatrist or psychologist, physician Jimburg accepted the responsibilities of a mental health professional illegally and has been risking the lives of inmates unconstitutionally. "Under the Eighth Amendment, prisoners have a right to... psychiatric and mental health care, and a right to be free from self-inflicted injuries, including suicide." Belcher v. City of Foley, Ala. 30 F.3d 1390. There have been incidents such as 11/28/2025 and 05/15/2025 when Aushea Williams was placed on suicide status for false allegations by deputies and had to spend 4 to 5 days under suicide precautions before speaking with physician Jimburg to relieve the self-harm circumstances which is directly the result of not having an on staff mental health professional. Also, he has threatened to put me on suicide status for stress, loss of appetite, and depression even after I clearly stated I had no suicidal thoughts.

On April 14, 2025, while housed in the booking Medical Isolation cell which is located about 12 feet away from the booking desk. After submitting a request for more hemorrhoidal cream because I submitted a stool test on 02/08/2025 which concluded I had blood in stool sample then was provided Preparation H in February. So instead of providing the cream as medical records indicated I needed, physician Jimburg came to the cell with two nurses, Brady and Jane Doe, then he entered the cell ordering me to pull down my shorts and boxers although there is a camera in the cell and a 90 inch screen is on the wall outside the cell at booking desk displaying the camera view. [37] He asked officer Brady (not nurse) to hold a flashlight to inspect my rectum. Then he put lubricant on his finger claiming he needed to do an internal exam. I felt him pushing his finger trying to penetrate my anus but I moved away saying "No!" He stated that his entire finger must go inside my rectum for exam but I said I didn't want to do it so he grabbed my shoulder and tried forcefully plunging his finger in my rectum while several officers and inmates watched. I freed myself from his hold then said, "No!" I filed a PREA with Sgt. Foster that I wasn't interviewed for. [10] When I was seen by physician Jimburg on 4/29/25 and 05/06/25, he made several sexual comments about my rectum and wanting to put his finger inside, "every chance I get!" Plaintiff sues for mental health damages as well as sexual abuse causing fear of rape seeking $150,000 plus punitive damages.

[11] X-ray results of left hand 03/21/2025
[12] Various Sick-Call Responses by J. Brady
* WITNESS - LPN Chelsea Mullins

(COUNT XIII): Aushea Williams alleges a claim against physician Patrick Harris in his individual capacity under 42 U.S.C. §1983 for violation of the Fourteenth Amendment for deliberate indifference to a serious medical need and negligent infliction of emotional distress for the failure to facilitate to an orthopedic specialist, pain, causing disfigurement, suffering, and loss of hand functioning of left hand. An injury that occurred on January 11, 2025 resulted in my left hand's middle plus ring finger being fractured, split open and unable to bend at fingertips (Fallanges). HSA Jaqueline Brady intentionally deprived Plaintiff of being referred to a physician although I submitted sick calls and nurses seeing injury. The initial evaluation by defendant Harris was on 02/12/2025 when I hit my head on a bunk after slipping in the shower but I revealed my left hand inability to bend while expressing the severe pain it causes. He informed me that I would need to have surgery when released or sent to prison if that happened but did not order X-rays nor refer me to any specialist. In March, I urged nurses Susie and Lacey that my hand is not healing, is extremely painful, and nothing is being done although I'm approved for insurance policy. An X-ray was ordered after seeing Dr. Harris but the 3/21/2025 images were 10 weeks after injury occurred.[11] Over a month transpired after defendant Harris was aware of the extent of injury and damage inflicted but I was given no medication, no X-rays, no specialist referred and the damage worsened when could've been healed. The only procedure ordered was placing band-aids on my fingers for one week which gave no relief. As a compensation for future medical expenses, surgery, physical therapy, loss of wages and pain endured plaintiff seeks $100,000 plus punitive damages to fund those cost and punish for the gross negligence of his duty.

(COUNT XIV): Aushea Williams brings a claim under 42 U.S.C. §1983 against HSA Jaqueline Brady in her individual capacity for denial of adequate care and gross negligence in violation of the Fourteenth Amendment. For several months, defendant Brady has maliciously denied the plaintiff adequate medical care through sick-call responses and preventing treatment or medication. The January 11, 2025 injury is one serious occurance that Nurse Brady made disparaging remarks about extent of injury, would not refer X-rays or seeing physician and claimed "your fingers does bend." Then, numerous sick-call responses given by Brady will fail to allow any assessment of ailments and she informs other nursing staff not to evaluate or treat me. In June 2025 she reported that I dont want to take Meloxicam which was false and I was taking pill daily. A penalty for denial of medical care is $48,586 which plaintiff seeks plus punitive damages.

# APPENDIX OF EVIDENCE

Exhibit A - Case No. 5D24-3355 Appellee's Motion For Extension of Time
Exhibit B Information Case No. 24-0664-MM
Exhibit C Disciplinary Report PCSO 25DIS000073
Exhibit D Sick-Call 04/14/2025
Exhibit E Sick-Call 02/03/2025
Exhibit F Medical Records Report Summary

## REQUEST FOR JUDICIAL NOTICE

Plaintiff, Aushea Williams, request this court to take judicial notice of evidence pursuant to Fed. R. Evid 201(b), which allows "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

[2] Case No. 17-474-CF Jackson County Plea Colloquy on 09/15/2022
[3] Booking Medical Isolation Cell Video of PREA on 04/14/2025
[6] Approved Insurance Policy on 07/23/2024
[11] X-ray results of Left Hand
[12] Various Sick Call Responses by HSA J. Brady

## WITNESSES

PCSO - Sgt. Brittany Foster/Dpt. Brody/Dpt. Jimmison/Dpt. Price
LPN - Chelsea Mullins/LPN - Lacey Mullins-Johnson/LPN - Susie Cassidy
Trudy McEnroe
Inmates - Harry Robinson III/Horrace Jackson

C.     What date and approximate time did the events giving rise to your claim(s) occur?

*See Attachment*

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See Attachment*

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See Attachment*

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*See Attachment*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Putnam County Sheriff's Office

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Some

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Putnam County Sheriff's Office

2.    What did you claim in your grievance?

N/A

3.    What was the result, if any?

N/A

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

Unavailable due to restriction of access (1/23/2025 - 06/13/2025)

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☑ No

SoME Not ALL

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _Aushea Williams_

Defendant(s) _Devin Gaither, et al._

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_US District Court, Middle District of Florida, Jacksonville Division_

3.  Docket or index number

_3:25-cv-00499-WWB-SJH_

4.  Name of Judge assigned to your case

_Wendy W. Berger_

5.  Approximate date of filing lawsuit

_05/29_ / _2025_

6.  Is the case still pending?

 Yes

☑ No

If no, give the approximate date of disposition. _06/05/2025_

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_Dismissed without Prejudice 05/22/2025 - Stricken 06/05/2025_

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)  Aushea Williams
    Defendant(s)  Sec. Dept. of Corr. et al

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    US District Court, Middle District of Florida, Jacksonville Division

3.  Docket or index number
    3:19-cv-483-MMH-LLL

4.  Name of Judge assigned to your case
    Marcia Morales Howard

5.  Approximate date of filing lawsuit
    April /25/2019

6.  Is the case still pending?

    ☐ Yes
    ☑ No

    If no, give the approximate date of disposition  November 19, 2021

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    Dismissed With Prejudice as Untimely

IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my Knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Mailed to 300 N Hogan St Jacksonville, FL on 8/21/2025.     /S/ Aushea Williams

Aushea Williams
130 Orie Griffin Blvd.
Palatka, FL 32177

DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial for determination of any disputable counts deemed as necessary in the event of a settlement agreement uncompromisable by any parties in the case.

MOTION TO APPOINT AN EXPERT FOR OPINION

Plaintiff request that the court appoint any expert the parties agree on and any of its choosing as long as the expert consents to act, pursuant to Fed. R. Evid. 706. This may be appropriate in a case involving indigent plaintiff "to avoid a wholly one sided presentation of opinion on a medical issue." Hoffer v. U.S. 683 Fed. Appx 896 (2007)

Also, pursuant to Fed. R. Civ. P 35 (a) (1) The court where the action is pending may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

/S/ Aushea Williams
Aushea Williams