UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUSHEA WILLIAMS,

    Plaintiff,

v.   Case No. 3:25-cv-1021-JEP-SJH

SHERIFF HOMER DELOACH, et al.,

    Defendants.
_____

## ORDER

Before the Court are Plaintiff's Motion for Relief from Judgment (Doc. 12) and renewed Motion for Class Certification and Appointment of Counsel (Doc 13). Plaintiff seeks relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure on the ground that an unnamed employee at the jail prevented him from receiving, and therefore complying with, this Court's Order granting him time to file an amended complaint before dismissing the case. *See* Doc. 12 at 1–2. In his renewed request for class certification under Rule 23(a), Plaintiff seeks to represent himself and other inmates in a class action lawsuit against the Putnam County Jail ("PCJ") for various unconstitutional policies.[1] *See* Doc. 13 at 1.

---

[1] Contrary to Plaintiff's assertion in his Motion for Relief from Judgment, *see* Doc. 12 at 3, the Court denied Plaintiff's original Motion for Class Certification,

Rule 60(b) provides in pertinent part, "[T]he court may relieve a party … from a final judgment, order, or proceeding for [limited] reasons[, including] … fraud." Fed. R. Civ. P. 60(b)(3) (internal numbering omitted). To obtain relief under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the adverse party obtained the [result] through fraud, misrepresentation[], or other misconduct," and the purported fraud must have prevented the movant "from fully presenting his case." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Plaintiff provides no evidence—such as a mail log—showing that a PCJ employee prevented him from receiving and complying with this Court's Order. His conclusory statement is insufficient. Additionally, any purported fraud or misconduct by a PCJ employee did not prevent Plaintiff "from fully presenting his case" because it appears he remains intent on representing the rights of other inmates, *see generally* Docs. 12, 13 (explaining his desire to pursue a class action against PCJ), which the Court previously advised him he may not do, and he may file a new complaint in a new case if he wants to pursue any plausible, cognizable claims on his own behalf.

---

advising him that he may not represent the rights of other inmates. *See* Order (Doc. 8) at 6, 9.

2

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Relief from Judgment (Doc. 12) is **DENIED**.

2. Plaintiff's Motion for Class Certification and Appointment of Counsel (Doc 13) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on January 13, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Aushea Williams, #11002103